FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 20 2018

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 6:18-CR-60 |
| v. | § | Judge RWS/KNM |
| | § | |
| JESUS PEREZ-MORALES (01) | § | |
|    a/k/a JESUS MORALES PEREZ | § | |
|    a/k/a JESUS PEREZ VALLEJO | § | |
|    a/k/a "Chuy" | § | |
| YANEY GURRUSQUIETA (02) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

> Violation: 21 U.S.C. § 846
> (Conspiracy to possess with intent to distribute and distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine)

Beginning by at least on or about January 1, 2017, and continuing thereafter until on or about the date of this indictment, in the Eastern District of Texas and elsewhere, **Jesus Perez-Morales, a/k/a Jesus Morales Perez, a/k/a Jesus Perez Vallejo, a/k/a "Chuy," and Yaney Gurrusquieta,** defendants herein, did knowingly, intentionally, and unlawfully, combine, conspire, and confederate with each other and with others, both known and unknown to the United States Grand Jury, to violate a law of the United States, to-wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute

and distribution of more than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance,

In violation of 21 U.S.C. § 846.

## Count Two

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute cocaine)

On or about September 6, 2018, in Smith County, Texas, in the Eastern District of Texas, the defendants, **Jesus Perez-Morales, a/k/a Jesus Morales Perez, a/k/a Jesus Perez Vallejo, a/k/a "Chuy,"** and **Yaney Gurrusquieta**, aided and abetted by each other, knowingly and intentionally possessed with intent to distribute more than 500 grams of a mixture or substance containing cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## Count Three

Violation: 18 U.S.C. § 924(c)(1)(A)
(Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about September 6, 2018, in the Eastern District of Texas, defendant, **Jesus Perez-Morales, a/k/a Jesus Morales Perez, a/k/a Jesus Perez Vallejo, a/k/a "Chuy,"** did knowingly use and carry one or more firearms during and in relation to, and did knowingly possess the firearms in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and

possess with intent to distribute cocaine, as charged in Count One of this indictment. The firearms were:

(1) Charter Arms .38 caliber revolver; and
(2) Colt Government .38 caliber semi-automatic handgun,

In violation of 18 U.S.C. § 924(c)(1)(A).

### Count Four

Violation: 18 U.S.C. § 924(c)(1)(A)
(Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about September 6, 2018, in the Eastern District of Texas, defendant, **Yaney Gurrusquieta,** did knowingly use and carry one or more firearms during and in relation to, and did knowingly possess the firearms in furtherance of, a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute cocaine, as charged in Count One of this indictment. The firearms were:

(1) Charter Arms .38 caliber revolver; and
(2) Colt Government .38 caliber semi-automatic handgun,

In violation of 18 U.S.C. § 924(c)(1)(A).

### Count Five

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about September 6, 2018, in Smith County, Texas, in the Eastern District of Texas, **Jesus Perez-Morales, a/k/a Jesus Morales Perez, a/k/a Jesus Perez Vallejo, a/k/a "Chuy,"** defendant, having been convicted of a crime punishable by imprisonment

for a term exceeding one year, to wit: Possession of more than 30 grams of cocaine, a felony, on September 10, 2007, in Cause No. 18480, Circuit Court of Rankin County, Mississippi, did knowingly and unlawfully possess, in and affecting interstate commerce, firearms, to wit: (1) a Bryco Arms Model T380-CA, .380 caliber semi-automatic handgun; (2) a Charter Arms .38 caliber revolver; and (3) a Colt Government .38 caliber semi-automatic handgun,

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### Count Six

Violation: 8 U.S.C. §§ 1326(a) and (b)(2)
(Illegal reentry following removal)

On or about September 6, 2018, in Smith County, Texas, in the Eastern District of Texas, the defendant, **Jesus Perez-Morales, a/k/a Jesus Morales Perez, a/k/a Jesus Perez Vallejo, a/k/a "Chuy,"** an alien, who had previously been removed from the United States to Mexico on June 30, 2008, and who had not received the consent of the Secretary of the Department of Homeland Security to re-apply for admission, was found to be knowingly and unlawfully in the United States,

In violation of 8 U.S.C. §§ 1326(a) and (b)(2).

### Count Seven

Violation: 18 U.S.C. § 922(g)(5)
(Nonimmigrant Alien in Possession of a Firearm)

On or about September 6, 2018, in Smith County, Texas, in the Eastern District of Texas, **Yaney Gurrusquieta**, defendant, then being an alien admitted to the United

States under a nonimmigrant visa, did knowingly and unlawfully possess, in and affecting interstate commerce, a firearm, to wit: (1) a Bryco Arms Model T380-CA, .380 caliber semi-automatic handgun; (2) a Charter Arms .38 caliber revolver; and (3) a Colt Government .38 caliber semi-automatic handgun,

In violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c)

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c):

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3. any and all firearms, ammunition and accessories seized from the defendants, including but not limited to the following:

**Firearms/Ammunition:**

(1) Bryco Arms Model T380-CA, .380 caliber semi-automatic handgun, serial number 1431647;
(2) Charter Arms .38 caliber revolver, serial number 1065418;
(3) Colt Government .38 caliber semi-automatic handgun, serial number 38SS08377;
(4) 152 rounds of 7.62 x 39 caliber ammunition;
(5) 82 rounds of 9mm ammunition;
(6) 14 rounds of .22 caliber ammunition;
(7) 24 rounds of .38 Special ammunition;
(8) 15 rounds of .38 Super ammunition.

**U.S. Currency:**

$112,792 in U.S. currency

**Cash Proceeds:**

A sum of money equal to $22,500 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendants as a result of the offense(s) alleged in this indictment, for which the defendants are personally liable.

**Substitute Assets:**

    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with a third person;
(c)    has been placed beyond the jurisdiction of the court;
(d)    has been substantially diminished in value; or
(e)    has been commingled with other property which cannot be subdivided without difficulty;

    it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

A TRUE BILL

_9-19-18_  
Date

_[signature]_  
GRAND JURY FOREPERSON

JOSEPH D. BROWN  
UNITED STATES ATTORNEY

_[signature]_

ALAN R. JACKSON  
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 6:18-CR- |
| v. | § | Judge _____ |
| | § | |
| JESUS PEREZ-MORALES (01) | § | |
|    a/k/a JESUS MORALES PEREZ | § | |
|    a/k/a JESUS PEREZ VALLEJO | § | |
|    a/k/a "Chuy" | § | |
| YANEY GURRUSQUIETA (02) | § | |

## NOTICE OF PENALTY

### Counts One and Two

Violation:             21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1)

Penalty:               (A) If 500 grams or more, but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of its isomers –

Imprisonment for a term of not less than 5 years or more than 40 years; a fine not to exceed $5,000,000, or both; and a term of supervised release of at least 4 years.

If this violation was committed after a prior conviction for a felony drug offense has become final, not less than 10 years' nor more than life imprisonment; a fine not to exceed $8,000,000, or both; and a term of supervised release of at least 8 years.

(C) If less than 500 grams of a mixture or substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of its isomers –

Imprisonment for a term of not more than 20 years; a fine not to exceed $1,000,000, or both; and a term of supervised release of at least 3 years.

|  |  |
|---|---|
|  | If this violation was committed after a prior conviction for a felony drug offense has become final, not more than 30 years' imprisonment; a fine not to exceed $2,000,000, or both; and a term of supervised release of at least 6 years. |
| Special Assessment: | $100.00 |

**Counts Three and Four**

|  |  |
|---|---|
| Violation: | 18 U.S.C. § 924(c)(1)(A) |
| Penalty: | Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years. |
|  | In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less than 25 years, which must be served consecutively to any other term of imprisonment; a term of supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |

**Count Five**

|  |  |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) |
| Penalty: | Imprisonment for a term of not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
|  | In the case of a person who violates section 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then imprisonment for not less than fifteen years nor more than life, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years. |

| | |
|---|---|
| Special Assessment: | $100.00 |

### Count Six

| | |
|---|---|
| Violation: | 8 U.S.C. §§ 1326(a) and (b)(2) |
| Penalty: | Imprisonment for not more than two years, a fine not to exceed $250,000, or both; and supervised release of not more than three years. |
| | If the removal was subsequent to a conviction for a felony, then imprisonment for not more than 10 years, a fine not to exceed $250,000, or both; and supervised release of not more than three years. |
| Special Assessment: | $100.00 |

### Count Seven

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(5) (Nonimmigrant Alien in Possession of a Firearm or Ammunition) |
| Penalty: | A fine of not more than $250,000.00; imprisonment for not more than ten (10) years; a term of supervised release of not more than three (3) years.  18 U.S.C. § 924(a)(2). |
| Special Assessment: | $100.00 |